Gurdeep SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74383.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan M. Kaufman, Esq., Kaufman Law Office, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Gurdeep Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir.2005), we deny the petition for review.

The record does not compel a finding that Singh is credible. *See id.* The IJ identified discrepancies between Singh's testimony, and a letter he submitted from a hospital, regarding a major injury his cousin allegedly suffered while in police custody. These discrepancies go to the heart of Singh's claim because he testified that his own arrest was related to his cousin's alleged arrest and political activism. *See Singh v. Ashcroft*, 367 F.3d 1139, 1142 (9th Cir.2004) (upholding adverse

credibility finding where discrepancy about date of key event "caused doubt about whether the [event] had occurred at all"). The doctor's letter mentions only a serious head injury, whereas Singh testified, in response to a general question about his cousin's treatment while in police custody, that his cousin suffered injuries to his back and feet. After being confronted with the doctor's letter, and initially claiming that he knew nothing about his cousin's head injury, Singh testified that his cousin told him his head hurt. *See Singh*, 367 F.3d at 1142–43 (upholding adverse credibility finding where petitioner changed an aspect of his story to match documentary evidence).

The IJ also pointed to an inconsistency regarding the date of Singh's father's arrest and to the omission of any reference to Singh's own arrest from two supporting affidavits. These constitute other "indications of dishonesty" supporting the IJ's adverse credibility finding. *Kaur*, 418 F.3d at 1067.

In the absence of credible evidence, Singh has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Because Singh's claims under the CAT are based on the same facts that the IJ found to be not credible, and Singh points to no other evidence the IJ should have considered, he has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.